UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22053-CIV-WILLIAMS/MCALILEY

MATTHEW WEBB and
ANITA P. SHARMA,

      Plaintiffs,

vs.

SCOTTSDALE INSURANCE COMPANY,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Matthew Webb and Anita P. Sharma filed a Motion to Remand, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 8, 12). Defendant Scottsdale Insurance Company ("Scottsdale") filed a response. (ECF No. 13). Plaintiff did not file a reply. Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the applicable law, for the reasons I explain below, I recommend that the Court deny the Motion to Remand.

**I.   BACKGROUND**

Plaintiffs filed suit against Scottsdale in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for breach of contract arising from property damage that Plaintiffs allegedly sustained as a result of a broken pipe. (ECF No. 1-2 at 4-6). The Complaint does not specify the amount of damages sought, other than a general

statement that damages exceed "$30,000, exclusive of interest, attorneys' fees and costs." (*Id*. at ¶ 1). Prior to filing suit, Plaintiffs provided Scottsdale with a Sworn Statement in Partial Proof of Loss ("Sworn Proof of Loss"), wherein Plaintiffs attest that their claimed losses total $101,369.20. (ECF No. 1-4).

Scottsdale timely removed the case to this Court based upon diversity jurisdiction. (ECF No. 1). Plaintiffs thereafter filed their Motion to Remand. (ECF No. 8). Plaintiffs argue that Scottsdale failed to establish that the amount in controversy requirement is met. (*Id*.). Plaintiffs rely upon a post-removal estimate of damages, dated June 9, 2021, which concludes that Plaintiffs' "net claim" totals $47,567.14. (ECF No. 8-1 at 25). Based upon this estimate, Plaintiffs assert that "*as of the day of filing this Motion for Remand*, the amount [Plaintiffs] intend to seek at trial does not exceed $75,000." (ECF No. 8 at ¶ 5) (emphasis added). Plaintiffs also submit affidavits, executed post-removal, attesting that they "will not pursue, nor accept an amount from the Defendant that exceeds $75,000.00 excluding costs and interest." (ECF No. 8-2 at ¶ 8).

Scottsdale filed an opposition, arguing that the existence of diversity jurisdiction is determined at the time of removal and, therefore, Plaintiffs' post-removal affidavits and damages estimate are irrelevant to the Court's analysis. (ECF No. 13). Scottsdale contends that Plaintiffs' Sworn Proof of Loss establishes that their damages exceed the $75,000.00 jurisdictional threshold. (*Id*. at 5). Scottsdale asserts that Plaintiffs' damages estimate does not undermine this conclusion because the estimate includes several "open items", the cost of which is not reflected in the total. (*Id*. at 6).

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute..." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). For this reason, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1371 (9th Cir.1987) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, (1983)). As mentioned, Scottsdale removed this action based upon diversity jurisdiction. District courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states. 28 U.S.C. § 1332(a). "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

Plaintiffs do not dispute the first element of diversity jurisdiction, that the parties are citizens of different states. Plaintiffs dispute only the second element, arguing that Scottsdale has failed to establish that the amount in controversy exceeds $75,000.00. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citations omitted). The removing defendant may introduce "affidavits, declarations or other documentation" to satisfy its burden, and "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."

3

*Id*. at 754, 55. "[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Plaintiffs assert that Scottsdale "has not proffered any evidence to prove that the amount at issue at the time of removal exceeds $75,000.00." (ECF No. 8 at 6). I disagree. Scottsdale submitted Plaintiffs' Sworn Proof of Loss, executed prior to removal, wherein Plaintiffs attest that their loss totals $101,369.20, well in excess of the jurisdictional threshold. (ECF No. 1-4). Plaintiffs do not contradict this evidence, or dispute that the amount in controversy was satisfied at the time of removal. Rather, Plaintiffs assert that "as of the day of filing [their] Motion for Remand," their damages do not exceed $75,000.00. (ECF No. 8 at ¶ 5). Plaintiffs focus on the wrong time period, as diversity jurisdiction is measured at the time of removal, not when a plaintiff seeks remand. *See PTA-FLA, Inc.*, 844 F.3d at 1306.

To support their position, Plaintiffs rely upon a damages estimate prepared after removal, (ECF No. 8-1), and make only a passing reference to that document. (ECF No. 8 at ¶ 5). They provide no explanation how the estimate is relevant to the amount of damages at issue when Scottsdale removed this case. Alternatively, even if the estimate was relevant to the removal analysis, it does not sufficiently rebut the evidence that Scottsdale submitted because the estimate includes several "open items" whose cost is not reflected in the total. (ECF No. 8-1 at 22). Thus, Plaintiffs' damages may be greater than set forth in their estimate.

4

Plaintiffs also submit affidavits attesting that they "will not pursue, nor accept an amount from the Defendant that exceeds $75,000.00 excluding costs and interest." (ECF No. 8-2 at ¶ 8). These affidavits do not defeat diversity jurisdiction because Plaintiffs executed them after removal. (*Id.*). The Supreme Court has long held that where "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). Accordingly, Plaintiffs' affidavits are insufficient to justify remand. *See Luch v. Scottsdale Ins. Co.*, No. 17-21507-Civ, 2017 WL 5643314, at *2 (S.D. Fla. June 9, 2017) (denying motion to remand because plaintiff's post-removal stipulation that his damages are less than $75,000 "does not result in the loss of diversity jurisdiction.") (citation omitted); *Unwin v. Hartford Ins. Co. of the Midwest*, No. 2:21-cv-135, 2021 WL 1821415, at *1 (M.D. Fla. April 9, 2021) (disregarding plaintiff's post-removal letter to defense counsel clarifying that the amount in controversy is less than $75,000 because "an after-the-fact attempt to limit damages to defeat jurisdiction and secure remand is not allowed.") (citing *St. Paul Mercury Indemn. Co.*, 303 U.S. at 292)).

For the foregoing reasons, I conclude that Scottsdale has proven by a preponderance of the evidence that the amount in controversy requirement is satisfied and, therefore, Scottsdale properly removed this action based upon diversity jurisdiction.

### III.   CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiffs' Motion to Remand, (ECF No. 8).

## IV.  OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 16th day of August 2021.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of Record